UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    LEONARD JOHNSON STAMPS          )    Case No. 08-15383-SSM
    MARILYN MURCHA STAMPS           )    Chapter 7
                                          )
        Debtors                 )

**MEMORANDUM OPINION**

Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four ("U.S. Trustee") to convert this case to a case under chapter 13 of the Bankruptcy Code. The debtors consent to the conversion, and no written objections were filed opposing the motion. At the hearing on February 17, 2009, however, several creditors appeared and objected to the conversion.[1] After hearing their concerns, the court took the motion to convert under advisement. For the reasons states, the court will grant the motion to convert.

Background

Leonard Johnson Stamps and Marilyn Murcha Stamps ("the debtors") are husband and wife. They filed a joint voluntary petition in this court on September 5, 2008, for relief under chapter 7 of the Bankruptcy Code, listing $43,620 in unsecured debts. On their schedules of current income and expenses, they reported that Mr. Stamps was unemployed and had no income while Mrs. Stamps was employed earning $7,799 per month. Their monthly take-home pay is shown as $5,581, with monthly expenses of $6,233. On their Chapter 7 Statement of Current

---

[1] Neither the debtors nor their attorney was present, having presumably (but unwisely) decided that because no objections had been filed, there was no need to attend the hearing.

1

Monthly Income and Means-Test Calculation (Official Form 22A or "means test form"), they reported current monthly income (CMI) of $7,799, annualized CMI of $93,586, a household size of 4, and authorized deductions of $7,730, yielding a monthly disposable income under the means test of $69.16 and a 60-month disposable income of $4,150.  Although no statement was filed by the U.S. Trustee that the case would be presumed an abuse of chapter 7, the U.S. Trustee did file a motion to examine the debtors under Rule 2004 and also filed a motion to extend the time to file motions to dismiss for abuse and complaints objecting to the debtors' discharge.  The motion to extend time was granted, and on January 14, 2009, the U.S. Trustee filed the motion that is currently before the court.  The motion itself is devoid of *any* reason for converting the case other than to state that the debtors are eligible to proceed under chapter 13 and consent to the conversion.  At the hearing, however, counsel for the U.S. Trustee explained that his office had been prepared to file a motion to dismiss the debtors' case as an abuse of chapter 7, and that conversion of the case to chapter 13 was the agreed resolution of that intended motion.

Notice of the hearing on the motion was given by the clerk's office.  The notice did *not* advise creditors of the need to file a written response in order to oppose the motion.[2]  At the hearing, David and Karen Elliott and Dori Edivan appeared and objected to the conversion.  Ms. Edivan and her husband, Peter, are the debtors' current landlord.  Mr. and Ms. Elliott are their former landlord.  The Edivans brought a motion for relief from the automatic stay in this case to evict the debtors but subsequently withdrew the motion.  Mrs. Edivan stated at the hearing,

---

[2] Under the local rules of this court, responses opposing a motion must be in writing and must be filed at least 2 business days prior to the hearing, unless at least 20 days notice was given, in which event the response deadline is 5 business days prior to the hearing.  Loc.Bankr.R. 9013-1(H).  The notice of motion is required to advise recipients of the response requirement.  Loc.Bankr.R. 9013-1(M).  Since the notice mailed by the clerk did not do so, the court does not hold the failure to file a written response against the objecting creditors.

however, that she and her husband were still owed $6,380 in unpaid rent.[3] The Elliotts had obtained a $38,347 judgment against the debtors prior to the filing of the bankruptcy petition for unpaid rent and damage to the leased premises and had garnished Ms. Stamps's pay.[4] After the bankruptcy case was commenced, they filed a timely complaint to determine the dischargeability of their judgment, which they alleged was excepted from discharge under § 523(a)(6), Bankruptcy Code, as a willful and malicious injury to property. *Elliot v. Stamps (In re Stamps),* A.P. No. 08-1514. Ms. Edivan asserted that the debtors had money, filed bankruptcy simply to avoid paying their bills, and in the past had won at least $400,000 in lottery earnings.

<u>Discussion</u>

Because the motion to convert was filed by the U.S. Trustee rather than by the debtors, and because it arises from an agreed settlement of a threatened motion to dismiss the case as an abuse of chapter 7, some discussion of the statutory framework is appropriate. Briefly, a chapter 7 case of an individual with primarily consumer debts may be dismissed —or, with the debtor's consent, converted to chapter 13 —if the court determines that the granting of relief would be an "abuse" of chapter 7. § 707(b)(1), Bankruptcy Code. The current statutory scheme was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 ("BAPCPA"). Prior to BAPCPA, a chapter 7 case of an individual whose debts were primarily consumer debts could be dismissed—on the court's own motion or on

---

[3] Whether the unpaid rent would properly be characterized as a prepetition claim, a postpetition claim, or an administrative expense claim is an issue not before the court at this time, and the court ventures no opinion.

[4] The claim is reported on the debtors' schedules as a secured claim, but since there does not appear to be any property to which the lien of the judgment attached, the claim would more correctly be viewed as unsecured.

motion of the United States Trustee, but not at the suggestion or request of creditors—if chapter 7 relief would constitute a "substantial abuse." *Green v. Staples (In re Green)*, 934 F.2d 568 (4th Cir. 1991) (adopting totality of the circumstances test for substantial abuse.). BAPCPA made a number of significant changes. First, the standard was modified from "substantial abuse" to "abuse." § 707(b)(1), Bankruptcy Code. Second, standing to bring such motions was now given to trustees and creditors in some instances. *Id.* And third, an elaborate, if somewhat artificial, "means test" was created that triggers a presumption of abuse if the debtor's "current monthly income"—defined as the debtor's average monthly income for the 6-month period *preceding* the filing of the bankruptcy petition—less certain specified allowances and expenses (some based on IRS collection standards and some based on actual expenditures), multiplied by 60, exceeds $6,575 (provided that would pay at least 25% of nonpriority unsecured claims), or $10,950, regardless of the amount of the claims. § 707(b)(2), Bankruptcy Code. The means test only applies, however, to debtors whose CMI exceeds the state-wide median income for a household of the same size. § 707(b)(7), Bankruptcy Code. But even if the presumption of abuse does not arise or is rebutted, the case can nevertheless be dismissed if the petition was filed in bad faith or "the totality of the circumstances . . . demonstrates abuse." § 707(b)(3), Bankruptcy Code.

A chapter 7 case may be converted to chapter 13 only with the consent of the debtor. § 706(c), Bankruptcy Code. Indeed, a chapter 7 debtor has a nearly-unfettered right to convert to chapter 13 at any time so long as the case was not previously converted to chapter 7 from another chapter. § 706(a), Bankruptcy Code. The right of conversion, however, is not absolute and may be denied if the debtor is guilty of fraudulent conduct in connection with the case. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

The present motion illuminates a possible tension between the interest of the U.S. Trustee and the interest of unsecured creditors. Much of the public debate leading up to the enactment of BAPCPA centered on the perceived abuse of the bankruptcy system when debtors who could afford to repay at least a portion of their debts through a chapter 13 plan instead simply sought a discharge under chapter 7. The U.S. Trustee, therefore, no doubt believes that in seeking to have the case converted to chapter 13, he is simply fulfilling the Congressional mandate to steer debtors into chapter 13 repayment plans as an alternative to chapter 7. The creditors, however, are concerned that in chapter 13 their claims may be paid at only pennies on the dollar, and they would prefer to see the case either dismissed, the debtors denied a discharge, or (as respects the Elliots) their claim determined to be nondischargeable, so that they may pursue full payment outside of bankruptcy.

In chapter 13, the debtor proposes a plan for the restructuring and repayment of his or her debts. §§ 1321 and 1322, Bankruptcy Code. The plan is mailed to creditors and parties in interest, who are given an opportunity to object to its confirmation. Fed.R.Bankr.P. 3015; Loc.Bankr.R. 3015-2(D) & (E). Once confirmed, however, it binds the debtor and the creditors. §1327, Bankruptcy Code. Although priority and secured claims must be paid in full, unsecured claims may be compromised provided the case was filed in good faith, the plan was proposed in good faith, the creditors receive payments having a present value at least equal to what they would have received in a chapter 7 liquidation, and the debtor pays into the plan his or her "projected disposable income" for the "applicable commitment period," which is 36 months if the debtor's CMI is below the state-wide median for a household of the same size, or 60 months if it exceeds the median. § 1325 (a)(3), (4), (7), & (b)(1), Bankruptcy Code. Among the factors

to be considered in the good-faith analysis is whether the plan seeks to compromise a claim that would be nondischargeable in chapter 7.[5] *Neufeld v. Freeman*, 794 F.2d 149 (4th Cir. 1986).

At the present time, there is no indication of what shape a plan filed by the debtors will take. If it is a 100% plan, the concerns raised by the creditors would be essentially mooted. On the other hand, if the debtors propose no or only minimal repayment of unsecured claims, there could be serious issues of good faith that might justify denial of confirmation and either dismissal of the case or reconversion to chapter 7. Under the circumstances—and particularly since, unlike the situation presented in *Marrama,* there is no evidence before the court that the debtors concealed assets from the trustee—the court believes the appropriate course is to allow the conversion and give the debtors an opportunity to file a plan. The objecting creditors will have a full opportunity, if they believe the plan is not proposed in good faith or otherwise fails to meet the requirement for confirmation, to object to confirmation and to present evidence in support of their objection.

A separate order will be entered granting the U.S. Trustee's motion and converting this case to a case under chapter 13.

Date: _____    _____
                                            Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

---

[5] A debt for willful and malicious injury to *property* is nondischargeable in chapter 7 but can be discharged in chapter 13, in which the equivalent discharge exception extends only to court judgments for "willful or malicious injury by the debtor that caused *personal injury* to an individual or the *death* of an individual." Compare § 523(a)(6) and § 1328(a)(4) (emphasis added). Thus, the existing adversary proceeding by the Elliots to determine the dischargeability of their claim would be mooted by confirmation and successful completion of a chapter 13 plan, although they would be entitled, under *Neufeld*, to litigate the issue of whether it would still be nondischargeable in chapter 7 as part of any objection to confirmation.

Copies to:

Leonard Johnson Stamps
Marilyn Murcha Stamps
19153 Rocky Crest Terrace
Leesburg, VA 20176
Debtors

Charles L. King, Esquire
110 East Market Street
Suite 202
Leesburg, VA 20176
Counsel for the debtors

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Donald F. King, Esquire
9302 Lee Highway, Suite 1100
Fairfax, VA  22030
Chapter 7 trustee

David Elliot and Karen Elliot
21309 Small Branch Place
Broadlands, VA   20148

Peter and Dori Edivan
19151 Stream Crossing Court
Landsdowne, VA   20176